ORIGINAL

FILED
APR 18 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DICK PACIFIC/GHEMM, JV,<br>on behalf of Hudson Bay Insulation Co., Inc.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 06-299 C |

## COMPLAINT

COMES NOW Dick Pacific/Ghemm, JV ("Dick Pacific"), of behalf of Hudson Bay Insulation Co., Inc. ("Hudson Bay") for its Complaint herein, states and alleges as follows:

### PARTIES AND JURISDICTION

1. Dick Pacific is the prime contractor to the United States of America (the "Government") on the construction project known as Bassett Hospital Replacement (the "Project"), Contract No. DACA85-02-C-0004, located at Ft. Wainwright, AK.

2. Hudson Bay subcontracted the mechanical insulation portion of the Project from Dick Pacific.

3. The defendant is the United States of America, acting by and through the U.S. Army Corps of Engineers.

4. This claim arises out of a written contract with the United States of America. The Court has jurisdiction over this matter under 28 U.S.C. 1491, and the Contract Disputes Act of 1978 (41 U.S.C. § 609).

### STATEMENT OF FACTS

5. Dick Pacific realleges paragraphs 1 through 4 herein.

6. On February 19, 2002, the Government, by the Alaska District of the U.S. Army Corps of Engineers, pursuant to its solicitation documents, awarded Contract No.

DACA85-02-C-0004 to Dick Pacific, for the construction of a 32-bed, multi-story replacement hospital intended to serve the needs of the military, dependent, and retiree populations of Fort Wainwright, Fort Greely, Eielson AFB, and remote military sites north of the Alaska Range.

7. A subcontract for the mechanical insulation portion of the Project was executed between Dick Pacific and Hudson Bay on or about May 16, 2002. Hudson Bay's subcontract incorporates FAR 52.216-4 ECONOMIC PRICE ADJUSTMENT – LABOR AND MATERIAL (JAN 1997) (as modified). Pursuant to FAR 52.216-4, the Government is obligated to increase Hudson Bay's compensation in the event, and to the extent, that the labor rates (including fringe benefits) Hudson Bay was required to pay increased during contract performance.

8. Contract notice to proceed was issued on March 14, 2002, and the Project is anticipated to extend through the summer of 2006.

9. On or about May 8, 2003, Hudson Bay issued notification of its first wage escalation and request for compensation, which request was forwarded to the Government as a request for equitable price adjustment under FAR 52.216-4. Since May 8, 2003, Hudson Bay has repeatedly requested that its subcontract be equitably adjusted for added costs incurred due to wage escalation.

10. The Government failed to issue a decision on the request for equitable adjustment under FAR 52-216-4.

11. On or about November 17, 2005, Dick Pacific requested a Contracting Officer's Decision regarding Hudson Bay's entitlement to an equitable adjustment under FAR 52.216-4.

12. The Contracting Officer failed to issue a decision within sixty days of receipt of the contract claim. By way of letter dated January 13, 2006, the Government notified Dick Pacific that a Contracting Officer's Decision was expected to be issued no later than March 31, 2006. The Government failed to issue a decision on or before March 31, 2006. Dick Pacific is proceeding herein on a deemed denial basis pursuant to 41 U.S.C. § 605(c)(5).

13. The issue presented to the Court is whether Hudson Bay is entitled to an equitable price adjustment pursuant FAR 52.216-4 to the extent that the labor rates (including fringe benefits) Hudson Bay was required to pay increased and will continue to increase during contract performance.

14. Hudson Bay has experienced increased labor rates exceeding $327,054.53. Under applicable principles of contract, law, and equity, Dick Pacific, on behalf of Hudson Bay, is entitled to recover this amount from the Government.

15. Dick Pacific and its subcontractor Hudson Bay properly certified this claim as required by law, and have performed all conditions precedent to the bringing of this action before the United States Court of Federal Claims.

<u>FIRST CAUSE OF ACTION: EQUITABLE ADJUSTMENT</u>

16. Plaintiff realleges paragraphs 1 through 15 herein.

17. Pursuant to FAR 52.216-4, the Government is obligated to equitably adjust Hudson Bay's contract in the event, and to the extent, that Hudson Bay experiences increased labor rates during contract performance.

18. The Government failed to equitably adjust Hudson Bay's contract. As a direct result of the Government's failure, Hudson Bay has incurred damages in excess of $327,054.53.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

19. Plaintiff realleges paragraphs 1 through 18 herein.

20. By its actions and inactions, the Government breached its express and implied contractual obligations with Dick Pacific.

21. As a direct result of the breach of contract, Dick Pacific has incurred damages in excess of $327,054.53.

## THIRD CAUSE OF ACTION: QUANTUM MERUIT

22. Plaintiff realleges paragraphs 1 through 21 herein.

23. The Government has been unjustly enriched by the efforts of Dick Pacific and equity demands that the Government compensate Dick Pacific for the reasonable value of work provided.

24. The reasonable value of work provided by Dick Pacific, through Hudson Bay, is in excess of $327,054.53.

## PRAYER FOR RELIEF

WHEREFORE, Dick Pacific prays for relief as follows:

1. That the Contracting Officer's deemed denial of Dick Pacific's request for equitable adjustment be overturned;

2. That the Government be directed to compensate Dick Pacific, on behalf of Hudson Bay, in an amount not less than $327,054.53, plus any applicable mark-ups;

3. That interest be awarded on all amounts due Dick Pacific pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 611;

4. That Dick Pacific be awarded all costs and attorneys' fees permitted by law, including (without limitation) the Equal Access to Justice Act; and

5. For such other relief as the Court deems just and equitable.

DATED this 17th day of April, 2006.

WINSTON & CASHATT

Robert H. Crick by: John H. Guin

ROBERT H. CRICK, ESQ
1900 Bank of America Financial Center
601 W Riverside
Spokane, WA 99201
(509) 838-6131
(509) 838-1416 facsimile

Of Counsel:

PATRICK A. SULLIVAN, ESQ
JOHN H. GUIN, ESQ
WINSTON & CASHATT
1900 Bank of America Financial Center
601 W Riverside
Spokane, WA 99201
(509) 838-6131
(509) 838-1416 facsimile

ERIK D. EIKE, ESQ.
707 Richards Street, Suite 201
Honolulu, HI 96813
(808) 537-5950
(808) 537-5955 facsimile

76723.doc